[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 12, 2009
THOMAS K. KAHN
CLERK

No. 08-14868
Non-Argument Calendar

_____

D. C. Docket No. 88-01007-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUFUS C. ROCHELLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 12, 2009)**

Before DUBINA, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Rufus C. Rochelle, a federal prisoner convicted of conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21

U.S.C. §§ 841(a)(1) and 846, appeals the district court's denial of his pro se motion to reduce sentence, pursuant to 18 U.S.C. § 3582(c)(2). On appeal, Rochelle argues that the district court abused its discretion in denying his motion for a sentence reduction based on Amendment 706 to the Sentencing Guidelines. After careful review, we affirm.

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). "[W]e review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir.2002).

A district court generally cannot modify a term of imprisonment after it has been imposed. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005). However, there is an exception under 18 U.S.C. § 3582(c)(2) that provides:

> [When] a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Amendment 706 to the Sentencing Guidelines reduced by two levels the base offense level for certain crack cocaine cases calculated under U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 706. The amendment became effective on November 1, 2007. Id. The Sentencing Commission listed Amendment 706 in § 1B1.10(c) on March 3, 2008, thereby making the amendment retroactively applicable. See U.S.S.G. App. C, Amend. 713. However, a movant is not entitled to a resentencing pursuant to Amendment 706 when the provisions of that amendment do not result in a lower base offense level and Guidelines range. United States v. James, 548 F.3d 983, 986 (11th Cir. 2008). In James, the defendant's base offense level did not change because the conspiracy that included him involved 10 to 15 kilograms of crack cocaine. Id. at 985. Under the amended Guidelines, a defendant accountable for 4.5 kilograms or more of crack cocaine receives a base offense level of 38. U.S.S.G. § 2D1.1(c)(1).

In addition, sentencing adjustments under § 3582(c)(2) do not constitute de novo resentencing. Moreno, 421 F.3d at 1220. Rather, all "original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." Id. (quotation omitted). Thus, § 3582(c)(2) does not "grant to the court jurisdiction to consider extraneous sentencing issues," United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000), and

a district court should leave intact its previous factual decisions from the sentencing hearing, including drug quantity calculations, when deciding whether to reduce a defendant's sentence. See United States v. Cothran, 106 F.3d 1560, 1563 (11th Cir. 1997) (holding that the district court correctly declined in a § 3582 proceeding to re-examine the number of marijuana plants involved in the drug offense). Finally, we recently held that Booker does not apply to § 3582(c)(2) proceedings. United States v. Melvin, No. 08-13497, manu. op. at 2, 7 (11th Cir. Feb. 3, 2009).

We find no merit to Rochelle's claim that the district court abused its discretion in denying his § 3582 motion. As the record shows, the Presentencing Investigation Report ("PSI") held Rochelle accountable through the conspiracy for 24 kilograms of crack cocaine, the district court adopted the PSI's findings over Rochelle's drug quantity objections, and Rochelle was given a base offense level of 36 at sentencing for that amount of crack cocaine. Yet pursuant to Amendment 706, Rochelle would now receive a base offense level of 38 because he was held accountable for more than 4.5 kilograms of crack cocaine. See U.S.S.G. § 2D1.1(c)(1). As a result, Rochelle was not entitled to a sentence reduction because Amendment 706 did not lower his base offense level or Guideline range. See James, 548 F.3d at 986.

Nor did the district court abuse its discretion by sentencing Rochelle based on 24 kilograms of crack cocaine without making individualized findings regarding the drug quantity attributable to him as opposed to the conspiracy as a whole. The PSI and sentencing transcript show that he was sentenced based on a finding that the overall offense involved 24 kilograms of crack cocaine, and that Rochelle was accountable, through the conspiracy, for that entire amount. Although the district court did not specifically make a finding as to Rochelle's accountability alone, the finding that he was accountable through the conspiracy for 24 kilograms of crack cocaine must remain unchanged in a § 3582(c)(2) proceeding. See Cothran, 106 F.3d at 1563. In addition, to the extent that Rochelle nonetheless sought to be resentenced under Booker and an advisory Guideline system, we have held that Booker does not apply to § 3582(c)(2) proceedings. See Melvin, No. 08-13497, manu. op. at 2, 7.

In short, Amendment 706 did not lower Rochelle's base offense level or Guideline range and he was not entitled to a resentencing pursuant to § 3582(c)(2). Accordingly, the district court did not abuse its discretion in denying Rochelle's § 3582 motion.

**AFFIRMED.**